IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHORE TO SHORE PROPERTIES, LLC and
S2S SUNSWEPT ASSOCIATES, LLC,

    Plaintiffs,

v.

ALLIED WORLD ASSURANCE,

    Defendants.

No. C 11-01512 JSW

**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION AND VACATING HEARING ON MOTION TO TRANSFER**

The Court issues this Order *sua sponte* to address concerns regarding the issue of subject matter jurisdiction. Plaintiff S2S Sunswept Associates, LLC ("S2S") alleges that it is a citizen of Delaware "with an address" in Sausalito, California. (First Amended Complaint ¶ 2.) Plaintiff Shore to Shore Properties, LLC ("Shore to Shore") alleges that it is a citizen of Delaware and California, with a principal place of business in Sausalito, California. (*Id.* ¶ 1.) In opposition to the motion to transfer, Allied attests that it is a citizen of Delaware, with a principal place of business in New York. (Declaration of Keith C. Culley ("Culley Decl."), ¶ 3.)

Plaintiffs are the parties seeking to invoke federal jurisdiction, and, thus, they have the burden of establishing that jurisdiction exists. Plaintiffs assert that the Court has jurisdiction over this matter based on alleged diversity of citizenship. (*Id.* ¶¶ 3, 4.) Under Ninth Circuit law, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Although it is not clear that Plaintiffs should be deemed citizens of Delaware, Plaintiffs have not included

information about the citizenship of its owners and members. *See, e.g., Hale v. MasterSoft Int'l Pty., Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) ("Other courts ... have uniformly held that a limited liability company is a citizen of the states of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state.") (citing cases). If any of Plaintiffs' members are citizens of Delaware, complete diversity would be lacking.

Accordingly, Plaintiffs are HEREBY ORDERED TO SHOW CAUSE WHY THIS CASE should not be dismissed for lack of subject matter jurisdiction. Plaintiffs shall file their response to this Order to Show Cause by no later than September 2, 2011. If Defendant believes a reply is necessary, it may do so by no later than September 9, 2011.

It is FURTHER ORDERED that, the Court has considered the parties' papers regarding the motion to transfer, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the Court HEREBY VACATES the hearing set for September 2, 2011. If the Court is satisfied that it has jurisdiction over this matter, a written ruling on that motion shall issue in due course.

**IT IS SO ORDERED.**

Dated: August 22, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE